Otto C. Jaeger., S.
This is a proceeding by the guardian of an infant to withdraw funds from the guardianship account to pay hospital and medical expenses incurred as a result of personal injuries sustained by the infant in an automobile accident, and to fix and allow attorney’s fees for legal services rendered resulting in a partial settlement of the infant’s cause of action for such personal injuries. The funds on deposit in the guardianship account represent the proceeds of the partial settlement, which was entered into by the guardian on her own initiative and without the safeguard of a court order.
The Surrogate’s Court has no jurisdiction to approve a compromise of an infant’s cause of action for personal injuries. A compromise order may he had only pursuant to the provisions of article 12 of the CPLR. Where an action has been commenced in a court of this State, the application is made to the court in which the action was commenced. If no action has been commenced it is made ‘ ‘ in any court where an action for the amount of the proposed settlement could have been commenced ’ ’ (CPLR 1207). Since the action for damages for personal injuries was not and could not have been commenced in the Surrogate’s Court, tips court has no jurisdiction with regard to a compromise. While the present proceeding does not seek an order compromising the infant’s cause of action as such, it does seek relief which is properly incidental to such a compromise, namely, the payment of hospital and medical expenses incurred prior to the settlement as a result of the infant’s injuries. Lack *785 ing jurisdiction to authorize a settlement of the cause of action, this court may not grant such incidental relief. If medical expenses are to be deducted from the infant’s recovery, provision should be made therefor in an order of compromise and by a court having jurisdiction to issue such an order.
As stated above, the proceeds received by the guardian represent only a partial settlement of the infant’s cause of action. A lawsuit is still pending in the State of Connecticut against both the driver and the owner of the automobile in which the infant was a passenger at the time of the accident. The papers indicate that the action was brought in behalf of both the infant and his mother. While no sufficient details are given, it is not unlikely that a cause of action has been pleaded in behalf of the mother for the same medical expenses which she now seeks to have paid out of the infant’s recovery.
With regard to that portion of the application which seeks an order fixing the fee of the Connecticut attorney for legal services performed by him in bringing about the settlement, section 474 of the Judiciary Law is controlling. That section provides that where, as here, the services are rendered in behalf of an infant pursuant to a contingent fee agreement with the guardian, an application fixing the compensation of the attorney shall be made “ to special term of the supreme court in case the recovery, award, compromise or settlement was not had in any court of this state.” Since the recovery here was not had in any New York court, only Special Term of the Supreme Court would have jurisdiction to fix the attorney’s compensation.
The application is denied insofar as it seeks to withdraw funds to pay hospital and medical expenses and .to fix the fee of the Connecticut attorney for legal services resulting in the partial settlement of the infant’s cause of action. This denial is without prejudice to renewal in a proper forum.
The petition also seeks to have the court fix the fees of the firm of New York attorneys representing the petitioner herein and who performed legal services in the proceeding for her appointment as guardian as well as in a subsequent proceeding to withdraw funds for the infant’s support and maintenance. The application is granted insofar as it seeks such relief. The fair and reasonable value of the legal services rendered by the New York firm of attorneys for the guardian is fixed and determined in the sum of $225 for all legal services rendered and to be rendered by them to and including the settlement of the decree herein, together with disbursements in the reduced amount of $27.